# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| STACEY ABEL, | ) | |
| | ) | |
| *Plaintiff*, | ) | **Civil Action File No.** |
| | ) | |
| v. | ) | |
| | ) | |
| **CRACKER BARREL OLD COUNTRY STORE, INC.** | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Stacey Abel ("Plaintiff") files this Complaint against Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" or "Defendant"). Plaintiff respectfully shows this Court as follows:

### INTRODUCTION

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), and related state-law claims for sexual harassment and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages, attorney's fees, and costs.

1

## JURISDICTION AND VENUE

2. Plaintiff's Title VII claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

3. Plaintiff also invokes the pendant jurisdiction of this Court under 28 U.S.C. §1367 to hear and decide claims arising under the laws of the State of Georgia, including claims for assault, battery, negligent supervision, and negligent retention.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (c) because the events complained of occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and all parties reside within these boundaries.

## PARTIES

5. Plaintiff is a female citizen of the United States and a resident of the State of Georgia.

6. Plaintiff is a member of a protected class under Title VII.

7. Defendant is a for-profit company registered to conduct business in the State of Georgia.

8. Defendant transacts business in the Northern District of Georgia and is subject to this Court's jurisdiction.

## ADMINISTRATIVE PROCEEDINGS

9. On May 23, 2023, Plaintiff filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC").

10. On June 6, 2024, Plaintiff received a notice of right to sue from the EEOC.

11. Plaintiff has exhausted all administrative remedies prerequisite to filing this suit under Title VII.

12. This lawsuit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

13. Cracker Barrel is a restaurant and gift store chain with over 650 locations in the United States.

14. At all relevant times, Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks during Plaintiff's employment.

15. Defendant is subject to the anti-discrimination and anti-retaliation provisions of Title VII.

16. Plaintiff was employed by Defendant at all times material to this Complaint.

17. Plaintiff began her employment with Defendant on or about November 28, 2022, as a restaurant manager trainee.

18. During training at the Cracker Barrel offices in Lebanon, Tennessee, Plaintiff met another trainee, Josiah Carr ("Mr. Carr").

19. Plaintiff and Mr. Carr discovered that they would be placed at the same store after training.

20. On or about November 30, 2022, Plaintiff and Mr. Carr met to study together during training.

21. Mr. Carr told Plaintiff that he had a "free pass" to have sex with other women while away from home for training.

22. Mr. Carr further suggested that they could have sex because of this "free pass."

23. Plaintiff told Mr. Carr she was not interested because they would be working together after training, and she wanted to keep their relationship professional.

24. After that evening, Plaintiff declined to study with Mr. Carr again.

25. On or about December 5, 2022, Plaintiff and Mr. Carr were assigned to continue their training at the Cracker Barrel located at 4758 Lanier Islands Parkway, Buford, Georgia, 30518.

26. Mr. Carr repeatedly complimented Plaintiff on her appearance and clothing.

27. Mr. Carr's sexual and flirtatious comments were quite common and ranged from multiple times a day or weekly.

28. Plaintiff told Mr. Carr that his comments made her uncomfortable and repeatedly asked him to stop.

29. In January 2023, after completing her training, Plaintiff and Mr. Carr were promoted to Associate Managers at Cracker Barrel Unit #59 ("Unit #59") located in Cartersville, Georgia.

30. Once Plaintiff started at Unit #59, on or about January 2023, she made a complaint of sexual harassment to a manager named Brianne Baron ("Sam") about Mr. Carr's behavior.

31. After Plaintiff's complaint, Mr. Carr and other members of management began to harass and bully her in what appeared to be retaliation for her complaint of sexual harassment.

32. For example, Mr. Carr would take pictures of her work, criticize her during shifts, and ignore her suggestions and ideas in meetings.

33. Sam informed Plaintiff that Mr. Carr had told other managers that Plaintiff could not be trusted and often spoke negatively about her.

34. A few months after Plaintiff and Mr. Carr began working at Unit #59, Sam told Plaintiff that Mr. Carr was harassing two other female employees who were afraid to report him.

35. On or about April 21, 2023, Plaintiff decided to report Mr. Carr since his behavior was affecting not only her but also other employees and Plaintiff's complaint to Sam had been ineffective.

36. Plaintiff did not hear back about her complaint but felt that Mr. Carr must have been made aware of it, as his targeting of her increased.

37. For example, Mr. Carr deleted Plaintiff's work from the computer and blamed her for anything that went wrong during her shifts.

38. Plaintiff became increasingly stressed by Mr. Carr's behavior and the lack of response from Cracker Barrel.

39. Eventually, in May 2023, Plaintiff was transferred to another store in Canton, Georgia.

40. Plaintiff's first day at the Canton location was on Mother's Day, a very busy holiday for Cracker Barrel.

41. The stress of starting at a new location on a holiday, combined with her treatment by Mr. Carr, caused Plaintiff significant health problems, requiring her to be out of work until June 9, 2023.

42. When Plaintiff returned to work at the Canton location on June 9, she noticed that she and Mr. Carr were scheduled for a meeting at the same time.

43. When Mr. Carr came to the Canton location for the meeting, he smirked at Plaintiff and insinuated that she was powerless to stop his sexual harassment.

44. Plaintiff felt that Cracker Barrel did not support her and had no plans to investigate Mr. Carr further, as Cracker Barrel had been made aware of the sexual harassment she was experiencing since January 2023 and had failed to take any significant action.

45. Plaintiff felt she had no other option to protect herself but to resign, though she would not have done so had Cracker Barrel taken steps to protect her and other female employees from Mr. Carr.

46. Plaintiff was constructively terminated on June 26, 2023.

47. Plaintiff was never counseled for insubordinate behavior.

48. Cracker Barrell never asked Plaintiff why she was resigning and to Plaintiff's knowledge never took any action against Mr. Carr.

## COUNT I

**Sexual Harassment in Violation of Title VII**

49. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

50. As a female, Plaintiff is a member of a protected group.

51. As detailed above, throughout her employment with Cracker Barrel, Plaintiff was subjected to sexual harassment and a hostile work environment by Mr. Carr.

52. The conduct described above was unwelcome, offensive, and intimidating to Plaintiff, as well as open and obvious in the workplace.

53. Plaintiff complained that the sexually harassing conduct was unwelcome.

54. At all times relevant to this action, Cracker Barrel knew or should have known of the sexual harassment endured by Plaintiff and the existence of a sexually harassing work environment yet failed to meaningfully remedy the workplace environment to protect Plaintiff.

55. Cracker Barrel willfully and wantonly disregarded Plaintiff's rights. Additionally, Cracker Barrel's discrimination and retaliation against Plaintiff were undertaken in bad faith and constitute unlawful, intentional gender discrimination in violation of Title VII.

56. As a result of Cracker Barrel's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available.

57. Plaintiff seeks all remedies available by law or equity.

## COUNT II

### Retaliation in Violation of Title VII

58. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

59. Plaintiff engaged in protected activities under Title VII by making complaints of sexual harassment and bullying.

60. As a result of her complaints of sexual harassment, Plaintiff suffered adverse employment actions, including but not limited to being constructively terminated.

61. As a direct and proximate result of Cracker Barrel's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

62. Cracker Barrel willfully and wantonly disregarded Plaintiff's rights, and Cracker Barrel's discrimination and retaliation against Plaintiff were undertaken in bad faith.

63. As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by law.

64. Plaintiff seeks all remedies available to her by law or equity.

## COUNTS III AND IV

### Negligent Retention and Negligent Supervision

65. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

66. At all times material to this Complaint, Cracker Barrel owed a legal duty of care toward its employees to exercise reasonable care and prudence in the hiring, supervision, and retention of its employees.

67. By and through the conduct, actions, and malfeasance cited above, Cracker Barrel breached the above-described legal duties of care that it owed to Plaintiff.

68. Cracker Barrel knew that Mr. Carr was subjecting Plaintiff to sexually harassing comments without her consent due to Plaintiff's complaints of sexual harassment and the open and obvious nature of Mr. Carr's conduct in the workplace.

69. Cracker Barrel failed to take prompt and appropriate remedial steps to protect Plaintiff and other female employees from sexual harassment.

70. As a result of Cracker Barrel's negligent supervision and retention, Cracker Barrel ratified the harasser's behavior.

71. As a result of Cracker Barrel's negligent supervision and retention, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

**WHEREFORE**, Plaintiff demands a jury trial and the following relief:

(a) Issue process to Defendant;

(b) Issue a declaratory judgment that Cracker Barrel's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c) Grant Plaintiff a permanent injunction enjoining Cracker Barrel, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) Grant Plaintiff judgment in her favor and against Defendant under all counts of this Complaint;

(e) Order Defendant to make Plaintiff whole by providing her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary,

employment benefits, or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) Grant Plaintiff compensatory and punitive damages for Defendant's willful violations of Title VII;

(g) Grant Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations;

(h) Grant Plaintiff all other damages, including nominal damages, available by law; and

(i) Grant such additional relief as this Court deems proper and just.

Respectfully submitted on this 4th day of September, 2024.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
Attorney for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Street, Suite 800
Atlanta, Georgia 30326
Phone: 770-955-0100
steve@mixon-law.com